UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES HUBERT, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY LUSCAVAGE, et al., <br><br> Defendants. | CIVIL ACTION NO. 3:21-CV-01523 <br><br> (MEHALCHICK, M.J.) |

**MEMORANDUM**

*Pro se* Plaintiff James Hubert ("Hubert"), an inmate presently incarcerated in the State Correctional Institute at Coal Township, Pennsylvania ("SCI-Coal Township"), initiated this action on September 3, 2021, by filing a complaint in the Court of Common Pleas of Northumberland County, Pennsylvania. (Doc. 1, at 1; Doc. 1-2, at 3). On September 3, 2021, Defendants removed the action to the United States District Court for the Middle District of Pennsylvania. (Doc. 1). On January 26, 2022, Hubert filed the operative second amended complaint against Defendants Anthony Luscavage, Karen Merritt-Scully, Nicole Boguslaw, Dr. Rottmann, Unit Manager Biscoe, and Major Foulds (hereinafter, collectively known as "Defendants"), asserting claims under the Eighth and Fourteenth Amendments, the Pennsylvania State Constitution, the Civil Service Act, and the Pennsylvania Department of Corrections Code of Ethics. (Doc. 23). On February 24, 2022, Hubert filed a motion for extension of time and access to the law library, which the Court construes as a motion for a preliminary injunction or temporary restraining order pursuant to Federal Rule of Civil Procedure 65. (Doc. 26). For the following reasons, Hubert's motion is denied.

I. **DISCUSSION**

Hubert's motion requests that the Court "grant [a] time extension, and Order the Defendants to give [Hubert] immediate access to the courts via law library access." (Doc. 26, at 2). Hubert alleges that "[s]ince February 3rd, 2022, and the filing of the Defendants brief to dismiss this complaint, [Hubert] has been removed from his above stated law library period without notice or justification(s)." (Doc. 26, at 1). Hubert's claims could also be read as alleging retaliation as Hubert asserts that Defendants are in a position of power to "hinder and deter him from further litigation." (Doc. 26, at 2).

Temporary restraining orders and preliminary injunctions are governed under the same standard. The party seeking such relief has the burden of demonstrating: (1) a reasonable probability of success on the merits; (2) irreparable harm if the injunction is denied; (3) that the issuance of an injunction will not result in greater harm to the non-moving party; and (4) that the public interest would best be served by granting the injunction. *Council of Alt. Political Parties v. Hooks*, 121 F.3d 876, 879 (3d Cir. 1997); *Opticians Ass'n of America v. Indep. Opticians of America*, 920 F.2d 187, 191-92 (3d Cir. 1990). The Court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief. *Opticians*, 920 F.2d at 192 (citing *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987)). Further, in the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.' " *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully litigated and determined by strictly legal proofs and

according to the principles of equity. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." *American Tel. & Tel. Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421 (3d Cir. 1994) (quoting *Frank's GMC Truck Ctr., Inc. v. General Motor Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)). The facts clearly must support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. *United States v. Stazola*, 893 F.2d 34, 37 n.3 (3d Cir. 1990). The plaintiff bears the burden of establishing a "clear showing of irreparable injury." *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989); *ECRI*, 809 F.2d at 226 (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed with money damages). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. *Acierno v. New Castle Cty.*, 40 F.3d 645, 655 (3d Cir. 1994).

Here, Hubert fails to show a likelihood of success on the merits or irreparable harm. Prisoners have no "freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Instead, "prisoners must be afforded the availability of either 'adequate law libraries or adequate assistance from persons trained in the law,' in order to exercise their right of court access." *Mitchell v. Wierda*, 377 F. App'x 143, 145 (3d Cir. 2010) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). There is no question that "[p]rison officials may place reasonable restrictions on the inmates' use of prison law libraries, provided those restrictions do not interfere with the inmates' access to the courts." *Biggins v. Delaware*, No. 17-CV-1537, 2018 WL 1885666, at *2 (D. Del. Apr. 19, 2018) (denying a TRO request based on insufficient law library time) (citing *Nevarez v. Hunt*, 770 F. Supp. 2d 565, 567 (W.D.N.Y. 2011)). Hubert

admits that he has been previously afforded weekly access to a law library and does not allege that this recent reduced access to the law library has caused him to suffer any injury. *See, e.g., Lewis*, 518 U.S. at 351 (holding that a violation of the First Amendment right of access to the courts is only established where a litigant demonstrates that she was actually injured by the alleged denial of access). Hubert claims only that he requires more time to respond to the pending motion to dismiss. However, the Court notes that there are no pending motions to dismiss. The filing that Hubert refers to in his motion is Defendants' answer to the complaint. (Doc. 24).

The Court notes that, in the event Hubert needs additional time to prepare a filing given the paucity of library time, he need only file a motion for an extension. The Court is generally receptive to granting an extension of time to respond to a motion to dismiss, within reason, where a *pro se* plaintiff needs more law library to complete his response. *See, e.g., Camps v. Lyons*, No. 89-CV-3343, 1990 WL 40881, *2 n.3 (E.D. Pa. Apr. 4, 1990) (refusing to dismiss complaint given plaintiff's allegation of a denial of sufficient law library time). Thus, at this point, Hubert has failed to establish irreparable harm and any harm is speculative, at best.

Additionally, to the extent that Hubert's motion could be construed as a claim of retaliation, he is also unlikely to succeed on the merits. Hubert must show: (1) his conduct was constitutionally protected; (2) he suffered an adverse action by prison officials; and (3) his protected conduct was a substantial or motivating factor in the adverse action. *Brightwell v. Lehman*, 637 F.3d 187, 195 (3d Cir. 2011). Hubert's retaliation claim is unlikely to succeed because he cannot establish that he has suffered an adverse action and there are currently no pending motions in this action that Hubert must prepare a response to. Thus, any retaliation claim is unlikely to succeed.

Finally, because the purpose of preliminary injunctive relief is to prevent irreparable injury pending the resolution of the underlying claims on their merits, "the injury claimed in the motion for preliminary injunctive relief must relate to the conduct alleged and permanent relief sought in the plaintiff's complaint." *James v. Varano*, No. 1:14-CV-01951, 2017 WL 895569, at *3 (M.D. Pa. Mar. 7, 2017). In other words, "there must be a connection between the underlying complaint and the relief requested in the motion for a preliminary injunction." *James*, 2017 WL 895569, at *3 (citing *Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010)). A request for injunctive relief must, therefore, be dismissed if "the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). Here, the matters of which Hubert complains in his motion are not of the same character as those that are the subject of his second amended complaint. (Doc. 23).

In sum, Hubert cannot establish the elements for preliminary injunctive relief or a temporary restraining order. Accordingly, Hubert's motion is DENIED. (Doc. 26).

II. **CONCLUSION**

For the foregoing reasons, Hubert's motion for extension of time and access to the law library (Doc. 26) is DENIED.

An appropriate Order follows.

**Dated: March 14, 2022**                                    *s/ Karoline Mehalchick*
                                                              **KAROLINE MEHALCHICK**
                                                              **Chief United States Magistrate Judge**