UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES HUBERT,<br><br>    Plaintiff,<br><br> v.<br><br>ANTHONY LUSCAVAGE, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 3:21-CV-01523<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

  Before the Court is a motion to dismiss filed by Defendants Anthony Luscavage, Karen Merritt-Scully, Unit Manager Biscoe, and Major Foulds (collectively, "Commonwealth Defendants"), and a motion for summary judgment filed by *pro se* prisoner-Plaintiff James Hubert ("Hubert"). (Doc. 40; Doc. 42). This is a *pro se* civil rights action initiated by Hubert upon the filing of the original complaint pursuant to 42 U.S.C. § 1983 in this matter on August 12, 2020, in the Court of Common Pleas of Northumberland County against Defendants Anthony Luscavage, Karen Merritt-Scully, Nicole Boguslaw, Dr. Rottmann, and an unidentified health care provider for the Department of Corrections ("DOC"). (Doc. 1-2). The action was removed to the United States District Court for the Middle District of Pennsylvania on September 3, 2021. (Doc. 1). On January 26, 2022, Hubert filed an amended complaint, asserting claims against additional Defendants Biscoe and Foulds. (Doc. 23). The parties have consented to proceed before the undersigned United States Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). (Doc. 27).

  For the following reasons, the motion to dismiss shall be **GRANTED** and the motion for summary judgment shall be **DENIED**.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

This is a *pro se* civil rights action initiated by Hubert upon the filing of the original complaint in this matter on August 12, 2020, in the Court of Common Pleas of Northumberland County against Defendants Luscavage, Merritt-Scully, Boguslaw, Dr. Rottmann, and an unidentified health care provider for the DOC. (Doc. 1-2). In the original complaint, Hubert alleges Defendants intentionally deprived him of medical care when his asthma medication and treatment were discontinued, violating his rights under the United States and Pennsylvania Constitutions. (Doc. 1-2).

The action was removed to the United States District Court for the Middle District of Pennsylvania on September 3, 2021. (Doc. 1). On September 9, 2021, Defendants Luscavage and Merritt-Scully filed a motion to dismiss. (Doc. 6). In response, Hubert filed an amended complaint on January 26, 2022, asserting claims against additional Defendants Biscoe and Foulds. (Doc. 23). The amended complaint seeks to incorporate the original complaint by reference and adds Biscoe and Foulds as Defendants. (Doc. 23, at 1). In addition to the causes of action set forth in the original complaint, Hubert alleges Defendants failed to protect him from the transmission of COVID-19. (Doc. 23, at 2-3). As relief, Hubert seeks monetary compensation. (Doc. 23, at 3). Defendants Boguslaw and Dr. Rottmann filed their answer to the amended complaint on February 3, 2022. (Doc. 24).

On January 25, 2023, Commonwealth Defendants filed a motion to dismiss, as well as a brief in support. (Doc. 40; Doc. 41). Rather than filing a brief in opposition, Hubert filed a motion for summary judgment on March 24, 2023, as well as a brief in support, declaration in support, and several exhibits. (Doc. 42; Doc. 43; Doc. 44; Doc. 45). On March 27, 2023, the Court directed Hubert to file his brief in opposition to Commonwealth Defendants'

motion to dismiss on or before April 10, 2023. (Doc. 46). The Court warned Hubert that if an opposition brief is not filed, Hubert shall be deemed not to oppose the motion to dismiss. (Doc. 46); *see* L.DR. 7.6. As of the date of the Memorandum, Hubert has not filed his opposition brief.

## II. STANDARDS OF REVIEW

### A. MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S.

at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt,*

4

839 F.3d at 347 (citing *Phillips v. Cty. of Allegheny*, 515 F.3d 224, at 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

B. MOTION FOR SUMMARY JUDGMENT

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the

5

non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994). However, a party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted." *See* M.D. Pa. L.R. 56.1. A party cannot evade these litigation responsibilities in this regard simply by citing the fact that he is a pro se litigant. These rules apply with equal force to all parties. *Morrison v. United States*, No. 1:20-CV-01571, 2021 WL 4192086, at *3 (M.D. Pa. Sept. 15, 2021) (citing *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se parties "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants")).

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249.

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes

6

such a showing, the non-movant must go beyond the pleadings with affidavits or declarations, answers to interrogatories, or the like to demonstrate specific material facts which give rise to a genuine issue. Fed. R. Civ. P. 56(c); *Celotex,* 477 U.S. at 324. The non-movant must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323. Furthermore, mere conclusory allegations and self-serving testimony, whether made in the complaint or a sworn statement, cannot be used to obtain or avoid summary judgment when uncorroborated and contradicted by other evidence of record. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Thomas v. Delaware State Univ.*, 626 F. App'x 384, 389 n.6 (3d Cir. 2015) (not precedential) ("[U]nsupported deposition testimony, which is contradicted by the record, is insufficient to defeat summary judgment."); *Nat'l Labor Rel. Bd. v. FES*, 301 F.3d 83, 95 (3d Cir. 2002) ("[The plaintiff's] testimony . . . amounts to an unsupported, conclusory assertion, which we have held is inadequate to satisfy the movant's burden of proof on summary judgment.").

    C. SECTION 1983 STANDARD

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

"Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." See *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. See *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### III.   DISCUSSION

#### A.   COMMONWEALTH DEFENDANTS' MOTION TO DISMISS

Commonwealth Defendants seek dismissal of Hubert's complaint because: (1) he does not allege the required personal involvement of Commonwealth Defendants; and (2) his attempt to supplement his complaint impermissibly joins unrelated claims. (Doc. 41, at 5-11). In his supporting brief of the motion for summary judgment, Hubert consents to the dismissal of his claims brought against Merritt-Scully and Luscavage. (Doc. 43). Hubert concedes that "he can not show cause that they had personal involvement in the alleged wrongdoing alleged in this suit," and "there are very few factual allegations against Defendants Luscavage, and Merritt-Scully." (Doc. 43, at 7). Accordingly, Hubert's claims against Merritt-Scully and Luscavage are dismissed from this action. The Court will address Hubert's claims against Biscoe and Foulds.

Section 1983 provides that persons acting under color of state law may be held liable if they deprive an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. See 42 U.S.C. § 1983. To state a Section 1983

claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See West*, 487 U.S. at 48; *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct, and "cannot be predicated solely on the operation of *respondeat superior*." *Evancho v. Fishser*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207-08. Such allegations, however, must be made with appropriate particularity in that the complaint must allege the particulars of conduct, time, place, and personal responsibility. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Subsequent knowledge of an incident is insufficient to demonstrate that a state actor played an "affirmative part" in the alleged misconduct. *See Rode*, 845 F.2d at 1207-08 (the after-the-fact submission of a grievance is "simply insufficient" to establish a defendant's knowledge of an underlying constitutional violation at the time it occurred); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (Grievance Coordinator and Superintendent's involvement in review and denial of grievance insufficient to establish personal involvement). Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d 1208.

Hubert's allegations against Defendants Biscoe and Foulds, which appear only in the

amended complaint, fail to allege personal involvement. Hubert claims Biscoe and Foulds were:

> deliberately indifferent by failing to protect [Hubert] from a unnecessary introduction to a serious virus, that due to [Hubert]'s [u]nderlined conditions could be at a greater risk for serious sickness and/or death, when she was not diligent in following the Department of Corrections and/or The Center For Disease Control's Policies for contact tracing, quarantining, and testing which is in violation of [Hubert]'s 8th and 14th amendments which has cause pain and suffering, physical injury and emotional distress.

(Doc. 23, ¶¶ 17-18).

Hubert has not sufficiently connected the allegations to Biscoe's and Foulds' conduct to establish their personal involvement in the alleged wrongs. Particularly, Hubert does not allege well-pleaded facts showing that Biscoe and Foulds have directly violated any COVID-19 protocols, directed COVID-19 protocol violations, or knowingly acquiesced in such conduct. Instead, Hubert only levels conclusory allegations that these individuals vaguely failed to follow DOC and CDC policies for contact tracing, quarantining, and testing. (Doc. 23, ¶¶ 17-18). On this score, a plaintiff cannot make a showing of personal involvement simply where a supervisory defendant is "in charge of [the institution] that allowed [the alleged violation] to happen." *Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (per curiam) (quoting *Evancho*, 423 F.3d at 354).

Here, Hubert has failed to allege well-pleaded facts showing a connection between Commonwealth Defendants and any personal knowledge of medical treatment or individual actions of staff regarding COVID-19 protocols. Consequently, the Court is unable to draw the reasonable inference that Commonwealth Defendants are liable as policymakers under § 1983, or that these defendants were personally involved in the alleged violation of Hubert's constitutional rights. Moreover, Hubert has failed to allege facts that rise to the level of

deliberate indifference in violation of the Eighth Amendment.

The Court further notes that Hubert's unrelated claims in the amended complaint run afoul of Rule 20 of the Federal Rules of Civil Procedure. Hubert's original complaint sets forth claims against Merritt-Scully, Luscavage, and Boguslaw concerning his medical treatment for asthma and his disagreement with the grievance process. (Doc. 1). Hubert's amended complaint adds claims against Biscoe and Foulds relating to COVID-19 protocols at the prison. (Doc. 23). Hubert's unrelated claims against Biscoe and Foulds involve allegations of acts committed by disparate parties at widely different times. Thus, there is no single, coherent legal, topical, or temporal connection between these various claims. Without some further articulation of a unifying theme or thread between these claims, the joinder of these plainly divergent claims in a single lawsuit is inappropriate under Rule 20 of the Federal Rules of Civil Procedure, the rule governing joinder of defendants in federal litigation, which provides, in part, that:

> Person[s] . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

In this case, it cannot be said from the amended complaint that the allegations against Biscoe and Foulds arise out of the same transaction, occurrence, or series of transactions or occurrences as those described in the original complaint. Quite the contrary, the events giving rise to the amended complaint appear to be separate transactions, allegedly committed by different actors at divergent times. "[G]iven the hodgepodge of claims raised in the . . .

complaint," the Court may properly, in the exercise of its discretion, dismiss the amended complaint, and require Hubert to file a separate complaint relating to what seems to be factually distinct claims. *See Boretsky v. Governor of New Jersey*, 433 F. App'x 73, 77 (3d Cir. 2011). Furthermore, this course is particularly appropriate here, since Hubert is a prisoner proceeding *in forma pauperis*, as Rule 20 "takes on additional importance in light of the Prison Litigation Reform Act of 1995 ("PLRA")," as "a prisoner-plaintiff who is permitted to combine separate, independent claims into one complaint is able to circumvent the PLRA's filing fee requirements and [its] potential 'three strikes' limitation." *Saltalamacchia v. Wentzel*, No. 3:14-CV-00868, 2017 WL 2843302, * 3 (M.D. Pa. June 9, 2017), *report and recommendation adopted*, 2017 WL 2834507 (M.D. Pa. June 30, 2017).

Accordingly, Commonwealth Defendants' motion to dismiss will be granted.

B. HUBERT'S MOTION FOR SUMMARY JUDGMENT

Rather than filing an opposition brief to Commonwealth Defendants' motion to dismiss as directed by the federal and local rules, Hubert has filed a motion for summary judgment. (Doc. 43). A motion for summary judgment is premature when, as is the case here, the "defendants ha[ve] yet to file any responsive pleading." *See Walter v. Zenk*, No. 4:01-cv-1644, 2008 WL 351250, at *2 (M.D. Pa. Feb. 7, 2008). A motion to dismiss does not constitute a responsive pleading. *See Hill v. Everhart*, No. 3:05-CV-1346, 2006 WL 2038608, at *4 (M.D. Pa. July 19, 2006). Here, while Defendants Boguslaw and Dr. Rottmann filed an answer to the amended complaint, Commonwealth Defendants have not. Accordingly, the Court will deny Hubert's motion for summary judgment as premature. (Doc. 43). This denial will be without prejudice to Hubert's right to file a subsequent motion for summary judgment after discovery concludes or at some other appropriate time. *See In re Pettaway*, 457 F. App'x 96,

98 (3d Cir. 2012).

IV. CONCLUSION

For the foregoing reasons, Commonwealth Defendants' motion to dismiss is **GRANTED**, and Commonwealth Defendants are **DISMISSED** from this action. (Doc. 40). In addition, Hubert's motion for summary judgment is **DENIED without prejudice**. (Doc. 42).

An appropriate Order follows.

**Dated: June 30, 2023**                                        *s/ Karoline Mehalchick*
                                                              **KAROLINE MEHALCHICK**
                                                              **Chief United States Magistrate Judge**